U.S. DISTRICT COURT
WESTERN DISTRICT of LOUISIANA
RECEIVED - ALEXANDRIA

APR 1 9 2007

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION


STEVEN B. WALKER,                CIVIL ACTION
          Plaintiff             Section "P"
                                Docket No. 1:05 cv 0477

VERSUS


CORRECTIONS CORPORATION          JUDGE DEE D. DRELL
OF AMERICA, et al.,              MAGISTRATE JUDGE JAMES D. KIRK
          Defendants


## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. §1983, in forma pauperis ("IFP"), by pro se plaintiff, Steven B. Walker ("Walker") on or about March 10, 2005 and amended on June 16, 2005, July 17, 2005, September 9, 2005 and March 20, 2006 (Doc. Items 1, 5, 8, 10 and 37). The named defendants are Corrections Corporation of America ("CCA"), Timothy Wilkinson ("Wilkinson"), Mona Heyse ("Heyse"), Martha Booker ("Booker"), Brenda Smiley ("Smiley"), Barbara Toms, ("Toms") and Jeremy Sauce.[1] Walker alleges violation of his constitutional rights under the

---

[1] In his complaints, Walker names Linda Ramsey, Richard Stalder, Timothy Keith, Tina Gold, Nicole Scott, Patricia Thomas, Ann Boyd, Jennifer C. Johnson, Coleman, Lane, Pinkey, King, Willard, Rachel, Miles, Whitaker, Malone, Brice, McCuire, Smith, Clark and Daigrepont as defendants. However, plaintiff never completed a summons for these defendants and no attempt was made to serve them. Accordingly, I recommended that the complaint against these defendants be dismissed without prejudice under Fed.R.Civ.P. 4(m). See McGinnis v. Shalala, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); Systems Signs Supplies v. U.S. Dept. of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990); Kersh v. Derosier, 851 F.2d 1509, 1512 (5th Cir. 1988).

Eight Amendment in that defendants failed to protect him from another inmate. For relief, Walker seeks monetary and punitive damages as well as injunctive relief. At the time of the incident, Walker was confined in the Winn Correctional Center ("WCC"); however, Walker currently resides in Ball, Louisiana.

Defendants filed a motion for summary judgment (Doc. Item 64) which is currently before the court for report and recommendation.

### Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Paragraph (e) of Rule 56 also provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Local Rule 56.2W (formerly 2.10W) also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party

2

controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., 812 F.2d 219, 222 (5th Cir. 1987). Once this burden has been established, the burden shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56, 89 L.Ed.2d 538 (1986).

## **Law and Argument**

Respondeat Superior

Walker named CCA as a defendant, but has not alleged any specific actions which involve CCA. The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987).

3

Moreover, a corporation may not be sued under §1983 for an injury inflicted solely by its employees.  A corporation acting under color of state law will only be held liable under §1983 for its own unconstitutional policies. Monell v. Dept. of Soc. Serv., 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).  The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under §1983.   Monell, 436 U.S. at 694, 98 S.Ct. at 2037; Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-76 (8th Cir. 1993); Bennett v. City of Slidell, 728 F.2d 762, 766 (5ᵗʰ Cir. 1984), cert. denied, 472 U.S. 1016, 105 S.Ct. 3476, 87 L.Ed.2d 612 (1985).  Since Walker has not offered any proof of any acts or omissions or any unconstitutional policies implemented by CCA which have deprived Walker of his constitutional rights defendants' motion for summary judgment should be granted in favor of CCA.

Failure to Protect

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates.   Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1977, 128 L.Ed.2d 811 (1994).   In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  "Being violently assaulted in prison is

simply not a part of the penalty that criminal offenders pay for their offences against society." Farmer 511 U.S. at 834, 114 S.Ct. at 1976-77, citing, Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). However, not every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation.

The plaintiff must prove both that he is incarcerated under conditions posing a substantial risk of harm and that the prison official's state of mind is one of deliberate indifference to the prisoner's health or safety. There is no concise definition of what types of prison conditions pose a substantial risk of serious harm under the Eighth Amendment. Instead, the court must examine this component of the test contextually, making sure to be responsive to contemporary standards of decency. The court must consider whether society considers the risk to be so grave that it violates contemporary standards of decency to expose anyone unwilling to such a risk. The court must also consider that the Eighth Amendment is intended to protect against both present and future dangers to inmates. Prison authorities must protect not only against current threats, but also must guard against sufficiently imminent dangers that are likely to cause harm in the next week, month or year. Horton v. Cockrell, 70 F.3d 397, 400-401 (5th Cir. 1995), and cases cited therein.

Prison officials are not liable for failure to protect if (1)

5

"they were unaware of even an obvious risk to inmate health or safety", (2) "they did not know of the underlying facts indicating a sufficiently substantial danger", (3) "they knew of the underlying facts but believed (albeit soundly) that the risk to which the facts gave rise was insubstantial or nonexistent", or (4) "they knew of a substantial risk to inmate health or safety ... [and] responded reasonably to the danger, even if the harm was not ultimately averted."   <u>Farmer</u>, 511 U.S. at 844-45, 114 S.Ct. at 1982-83.

The assault which forms the basis of this matter is a fist fight which broke out between Walker and another inmate, Leblanc, on September 11, 2004.  Walker asserts that defendants Toms, Booker and Smiley had knowledge of the substantial risk Leblanc posed to his health and safety because they had knowledge of prior verbal and physical assaults involving Leblanc.

Walker's allegations regarding verbal attacks by Leblanc are vague.  Though he provides the names of several inmates, including his own, who were allegedly victims of Leblanc's verbal threats, he does not provide any specific information regarding what was said and the types of threats made.  Walker fails to provide information from or about the other inmates' encounters, and the only information he provides regarding his own encounter is that he advised Smiley of the matter; Smiley offered him protective custody; he declined the offer of protective custody but asked to

6

be separated; and, Smiley said she would speak to Booker about the situation. (Doc. Items 1,p.10; 5,p.15-16; and 64, p.2).

Mere verbal threats or verbal harassment are not actionable under §1983 as a violation of constitutional rights. Verbal abuse of an inmate by a custodial officer does not violate an inmate's constitutional rights. Bender v. Brumley, 1 F.3d 271, 274 n.4. (5th Cir. 1993, citing McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.1983), cert. den. 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983). A fortiori, a custodial officer does not have a duty to protect an inmate from having a verbal argument with another inmate. Despite the fact no duty was owed to Walker, Smiley offered Walker the opportunity to be placed in protective custody. If Walker had truly feared for his safety, the opportunity to escape the threat was available to him.

Walker also cites two separate instances where Leblanc physical assaulted inmates Warren and Everett in an effort to establish defendants' knowledge regarding the substantial danger Leblanc posed to Walker. While Walker states and Toms acknowledges in her affidavit that she responded to the incident regarding inmate Warren, (Doc. Item 64, p.1), Walker admits that no one notified a correctional officer of the alleged incident between Leblanc and Everett. (Doc. Item 5, p. 16). Therefore, none of the defendants would have knowledge of this latter incident.

Additionally, there are no allegations or evidence to suggest

that Warren or Everett sustained injuries as a result of their altercations with Leblanc, nor is there an indication that Walker was a party to either of the incidents.  The facts, as pled by Mr. Walker, show that the altercation with Warren was the first and only reported incident of physical aggression by inmate Leblanc prior to September 11, 2004.

Toms, Smiley and Sauce each submitted affidavits in support of their motion for summary judgment.  All three stated that the physical September 11, 2004 altercation between Leblanc and Walker happened suddenly and without warning.  In Barbara Toms' affidavit, she states that she was not on duty at the time of the September 11, 2004 altercation, and she was unaware of any substantial risk to Walker's health.  (Doc. Item 64, p. 1).  Additionally, Brenda Smiley states that though Walker had advised her of the verbal altercation he had with inmate Leblanc, she did not have knowledge of a substantial risk of danger to Walker's health.  Though Martha Booker did not submit an affidavit, the defendants' motion for summary judgment acknowledges that she had knowledge of the verbal altercation that took place between Leblanc and Walker.  However, she denies that this was enough to confer knowledge of a substantial risk to Walker's future health.  (Doc. Item 64-1, p.15).

While Walker does not allege that Sauce had knowledge of the threat Leblanc posed to Walker, he does contend that Sauce did not

8

properly respond to the physical assault which took place in front of Sauce.  A prison guard has a duty to intervene and attempt to end an assault on an inmate.  Buckner v. Hollins, 983 F.2d 119, 122 (8th Cir. 1993).  Also, Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995), citing Smith v. Dooley, 591 F.Supp. 1157, 1169 (W.D.La. 1984), aff'd, 778 F.2d 788 (5th Cir. 1985).  The Eighth Amendment imposes the requirement on prison officials to restore control in tumultuous situations, but officials who fail to prevent an injury inflicted by fellow prisoners are liable only where those officials possess the requisite mental state.  The requisite mental state in situations where prison officials do not respond with the physical use of force is that of deliberate indifference.   MacKay v. Farnsworth, 48 F.3d 491 (10th Cir. 1995).

A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault. However, a correctional officer's failure to intervene in an inmate fight does not constitute an Eighth Amendment violation if there is evidence justifying the correctional officer's failure to intervene, such as when intervention would threaten the health and safety of all concerned (i.e. the guard is alone and unarmed or another guard has been taken hostage).  Williams v. Mueller, 13 F.3d 1214, 1215-16 (8th Cir. 1994), and cases cited therein.

The incident reports submitted by defendants in support of

9

their motion for summary judgment, (Doc. Item 64, p. 4-23), prove that when the fight began, Sauce told fellow officer Lynch to call a "Code Blue."  He then began giving verbal orders to Leblanc and Walker to cease fighting.  Several verbal commands were issued before the two complied, but the fighting did cease before any other officers arrived on site.  There is nothing indicating that Sauce failed to react when the fight began, and there is nothing showing that his actions were unreasonable.[2]

For the foregoing reasons, Walker's failure to protect claims should be dismissed with prejudice.

Inadequate Supervision

Walker also contends that Tim Wilkinson failed to provide adequate security.  This contention is unsupported by summary judgment evidence.  Walker has not adduced evidence showing that WCC is understaffed or that defendants promulgated a deliberately indifferent policy of understaffing the prison.  See Rhyne v. Henderson County, 973 F.2d 386, 396 n.4 (5th Cir. 1992) (concurring opinion); Hood v. Itawamba County, Miss., 819 F.Supp. 556, 566 (N.D. Miss. 1993); Gagne v. City of Galveston, 671 F.Supp. 1130, 1135 (S.D.Tex. 1987), aff'd, 851 F.2d 359 (5th Cir. 1988).

---

[2] Walker also asserts that Tim Wilkinson and Martha Booker housed disabled prisoners with non-disabled prisoners.  There is no right under the American with Disabilities Act or the Constitution which would require disabled prisoners to be housed separately.  Furthermore, Walker would not be able to sustain any such claim as he has not sustained any injury as a result of being housed with non-disabled prisoners.  Accordingly, this claim should be dismissed with prejudice as frivolous.

10

Therefore, defendants' motion for summary judgment should be granted on this issue.

Abuse of the ARP Process

Walker's allegation that Heyse violated and abused policies regarding the ARP process and Wilkinson condoned and encouraged her actions is foreclosed by 42 U.S.C. §1997e(b), which states that the failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of Title 42. Since there is no constitutional right to a prison grievance procedure, the failure of prison officials to respond to or properly handle an ARP does not violate an inmate's constitutional rights. See Arvie v. Stalder, 53 F.3d 702, 704-05 (5th Cir. 1995), and cases cited therein; Shah v. Quinlin, 901 F.2d 1241, 1243 n.2. (5th Cir. 1990). Since this claim lacks an arguable legal basis, it should be dismissed with prejudice as frivolous.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion for summary judgment be GRANTED as there is no genuine issue of material fact in dispute and Walker's action against Corrections Corporation of America, Timothy Wilkinson, Mona Heyse, Martha Booker, Brenda Smiley, Barbara Toms and Jeremy Sauce be dismissed with prejudice.

IT IS FURTHER RECOMMENDED that Walker's complaint against

Linda Ramsey, Richard Stalder, Timothy Keith, Tina Gold, Nicole Scott, Patricia Thomas, Ann Boyd, Jennifer C. Johnson, Coleman, Lane, Pinkey, King, Willard, Rachel, Miles, Whitaker, Malone, Brice, McCuire, Smith, Clark and Daigrepont be dismissed without prejudice in accordance with Fed.R.Civ.P. 4(m).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from the service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections with **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON THE GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana on this _____ day of April, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE